

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
                Plaintiff,                      CIVIL ACTION NO.

                                             6:07-cv-1496-ORL-19KRS

v.                                        **COMPLAINT**
                                             **JURY TRIAL DEMAND**
                                             **INJUNCTIVE RELIEF**
                                             **SOUGHT**

**DILLARD'S, Inc.**,
                Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Paul Reed and other similarly situated males, who were adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Paul Reed and other similarly situated individuals were sexually harassed by their manager. The harassment was sufficiently severe and pervasive to constitute a hostile, intimidating work environment. Defendant is liable for the unlawful sexual harassment and for the resulting constructive discharge of Paul Reed and similarly situated individuals.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dillard's Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Florida and the City of Orlando, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Paul Reed (Charging Party) filed a charge with the Commission alleging violations of Title VII by

2

Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2005, Defendant Employer engaged in unlawful employment practices at its Orlando, Florida facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

    a. Paul Reed and similarly situated male employees were subjected to sexual harassment by their manager in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to: the manager leading Charging Party and similarly situated others to isolated areas of the work premises under the pretext of performing work, and then masturbating in their presence; forcibly pressing his genitals against Charging Party's body; accosting Charging Party in the employee restroom and then forcibly touching Charging Party's penis; and manager making offensive comments which falsely implied a homosexual relationship with Charging Party and similarly situated others in the presence of other employees.

    b. Defendant Employer failed to take prompt corrective action after complaints were made about the sexual harassment.

  c. Defendant Employer is liable for the unlawful sexual harassment to which it subjected Paul Reed and other similarly situated males during their employment.

  d. Defendant Employer's conduct rendered the terms and conditions of employment of Paul Reed and other similarly situated male employees so intolerable, that they were compelled to end their employment with Defendant Employer.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Paul Reed and other similarly situated male employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were committed with malice or with reckless indifference to the federally protected rights of Paul Reed and other similarly situated male employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practices which discriminate on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Paul Reed and other similarly situated male employees, by providing back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to front pay.

D. Order Defendant Employer to make whole Paul Reed and other similarly situated male employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, out of pocket losses, and medical expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Paul Reed and other similarly situated male employees, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Paul Reed and other similarly situated male employees, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

s/ Beverly Britton Fraser
BEVERLY BRITTON FRASER
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Tampa Field Office
501 E. Polk Street, Room 1000
Tampa, Florida 33602
Telephone: (813) 202-7919
Facsimile: (813) 228-2841
E-mail: beverly.brittonfraser@eeoc.gov