# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

                    **Plaintiff,**

-vs-                                      **Case No.  6:07-cv-1496-Orl-19KRS**

DILLARD'S, INC.,

                    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT DILLARD'S, INC.'S MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENA DUCES TECUM ISSUED TO INFECTIOUS DISEASE CONSULTANTS, M.D., P.A. (Doc. No. 36)** |
| **FILED:** | **May 23, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **INFECTIOUS DISEASE CONSULTANTS, M.D., P.A'S . . . MOTION FOR PROTECTIVE ORDER, MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 38)** |
| **FILED:** | **June 11, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.     BACKGROUND.

Defendant Dillard's, Inc. (Dillard's) served a subpoena on non-party Infectious Disease Consultants, M.D., P.A. (IDC) requiring IDC to produce medical records of Paul Steven Reed, one of the Dillard's employees on whose behalf the EEOC brought the present suit.  The subpoena was served on April 25, 2008.  Doc. No. 36-3.  On April 30, 2008, IDC delivered a letter to Dillard's by facsimile transmission in which it indicated that Reed did not consent to release of the records.  IDC asked for written authorization from Reed or a court order before it could release the requested records.  Doc. No. 38 at 18.

Rather than seeking an order from the Court authorizing IDC to release the requested records, Dillard's filed the present motion asking the Court to order IDC to produce the records and to reimburse Dillard's for its costs and attorneys' fees incurred as a result of IDC's "refusal to comply with the Subpoena." Doc. No. 36 at 4. IDC responded with its own motion for a protective order and for the attorneys' fees and costs it incurred in responding to the motion.  Doc. No. 38.  At my direction, Dillard's filed a response to IDC's motion.  Doc. No. 40.  Accordingly, the motions are not ripe for review.

## II.     ANALYSIS.

Certain types of health information receive special protection under federal and Florida law. For example, 45 C.F.R. § 164.512 permits a "covered entity" to disclose "protected health information" pursuant to a subpoena that is not accompanied by an order of the court only if the

"covered entity" receives the assurances set forth in § 164.512(e)(ii).[1]  IDC timely asserted those protections in its April 30, 2008, letter to Dillard's in which it asked for written authorization from Reed or a court order before it could release the requested records.  Contrary to Dillard's argument, this is all that IDC was required to do in responding to the subpoena.  *See* Fed. R. Civ. P. 45(c)(2)(B)(permitting a non-party to serve a written objection to a subpoena within fourteen days after service of the subpoena).

Dillard's contends that IDC's position was legally incorrect because a subpoena issued on behalf of the Court should be treated as a court order, citing *DeVolk v. JBC Legal Group, P.C.*, Case No.  No. 8:04-cv-1275-T-30EAJ, 2008 WL 1777740, at * 1 (M.D. Fla. April 18, 2008).  While the Court in *DeVolk* did state generally that "[a] subpoena issued on behalf of the court should be treated as a court order," the comment was not made in connection with a subpoena for protected health information.

Section 164.512 clearly distinguishes a subpoena from a court order as follows: "In response to a subpoena, discovery request, or other lawful process, *that is not accompanied by an order of a court . . . .*"  Accordingly, absent controlling law to the contrary, I conclude that IDC's position that a subpoena was insufficient to permit it to respond to the subpoena was correct as a matter of law.  Furthermore, I note that it is customary for parties seeking "protected health information" to seek a qualified protective order from the Court consistent with § 164.512(e)(v).  Thus, it is troubling that Dillard's did not accede to IDC's request and seek Court authorization for IDC to respond to the

---

[1]  Dillard's Inc. does not assert that IDC is not a covered entity or that the information it seeks is not protected health information.

subpoena in order to avoid imposing an undue burden or expense on IDC as required by Rule 45 (c)(1).

Under these circumstances, Dillard's motion to compel is **DENIED**, and IDC's motion for protective order is **GRANTED**. Counsel for the EEOC, Dillard's and IDC shall confer in a good faith effort to arrive at an agreed court order or qualified protective order governing disclosure of protected health information in this case. It is further **ORDERED** pursuant to Rule 45(c)(1) that Dillard's Inc. shall pay to IDC the reasonable costs and attorneys' fees it incurred in responding to the motion to compel. Counsel shall confer in a good effort to arrive at the amount of fees and costs incurred. Failing agreement, IDC may file a motion for assessment of costs and attorneys' fees supported by evidence in the form required by *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1996).

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties