UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

              **Plaintiff,**

-vs-                                                **Case No. 6:07-cv-1496-Orl-19GJK**

**DILLARD'S, INC.,**
              **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Order of the United States Magistrate Judge Denying the Motion of Defendant Dillard's, Inc. to Compel and Granting the Motion of Infectious Disease Consultants, M.D., P.A. for Protective Order and Attorney's Fees and Costs (Doc. No. 41, filed June, 16, 2008);

2. Objection of Defendant Dillard's, Inc. to the Magistrate Judge's Order (Doc. No. 42, filed June 30, 2008; Doc. No. 43, filed July 1, 2008).[1]

Defendant Dillard's, Inc. objects to the United States Magistrate Judge's granting of a Motion for a protective order filed by the recipient of a third party subpoena, Infectious Disease Consultants, M.D., P.A. ("IDC"). IDC treated Paul Reed, a former Dillard's employee who was allegedly sexually harassed. (Doc. No. 41 at 2.) After the Equal Employment Opportunity Commission brought an action against Dillard's based on Reed's allegations, Dillard's sought, through a subpoena, medical records concerning various doctor's notes which Reed had presented to justify his absences from work. (Doc. No. 42 at 2.) IDC refused Dillard's request and informed

---

[1] This document was apparently filed twice.

Dillard's that it would not release the records unless it was presented with written authorization from Reed or a court order. (Doc. No. 41 at 2.) Rather than seek an order from the Court, however, Dillard's filed a motion to compel and sought attorney's fees and costs. (*Id.*) IDC responded with its own motion for a protective order and request for attorney's fees and costs. (*Id.*) The Magistrate denied Dillard's request, noting that a third party subpoena is not equivalent to a court order for purposes of authorizing a medical provider to release medical records. (*Id.* at 2-4 (citing 45 C.F.R. § 164.512).) Dillard's objects to this Order, arguing that: (1) a subpoena should be treated as a court order; and (2) IDC never told Dillard's that it was precluded by certain laws from releasing Reed's records. (Doc. No. 42.)

A party may seek review of a magistrate judge's ruling on a nondispositive matter by serving and filing objections within ten days of its receipt of the ruling. Fed. R. Civ. P. 72(a). A nondispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007). If a proper objection is made, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). In reviewing the magistrate judge's order, the district court generally excludes materials or legal arguments raised for the first time in the objection. *See, e.g.*, *United States v. S. Fabricating Co.*, 764 F.2d 780, 781 (11th Cir. 1985); *Haines*

*v. Liggett Group Inc.*, 975 F.2d 81, 91-93 (3d Cir. 1992); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 WL 591929, at *4 (M.D. Fla. Feb. 28, 2008).

Dillard's objection fails to meet this standard. As an initial matter, Dillard's contention that a subpoena is equivalent to a court order is incorrect for the exact reasons stated in the Magistrate's Order. Under 45 C.F.R. § 164.512, a medical provider may release an individual's records pursuant to a "court order," but it may not release records pursuant to a mere "subpoena" absent "satisfactory assurance" that the requesting party has undertaken certain measures to protect the individual's privacy. *Id.* § 164.512(e)(i)-(ii). Dillard's does not contend that it provided such assurance.

Further, the lack of evidence that "Dillard's had . . . knowledge of IDC's belief that the records sought by the [s]ubpoena were subject to special protection" is of no consequence. (Doc. No. 42 at 6.) Dillard's essentially argues that IDC's records custodian was required to cite the state and federal laws that precluded it from releasing Reed's records. The Magistrate granted IDC's request for attorney's fees under Federal Rule of Civil Procedure 45(c)(1). That Rule states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1). Dillard's cites no authority requiring intentional wrongdoing as a predicate for awarding attorney's fees under this rule, a substantial shortcoming given its task of demonstrating that the Magistrate's ruling was "contrary to law."[2] Even if IDC's custodian failed

---

[2] Dillard's cites *Kimbrough v. City of Cocoa*, No. 6:05-cv-471-Orl-31KRS, 2006 WL 3412258, at *1 (M.D. Fla. Nov. 27, 2006), to argue that attorney's fees should not be awarded in this case. There, a party issued a subpoena that was invalid for violating several provisions of Rule 45. *Id.* The court did not even address the issue of attorney's fees in the order.

to cite the individual code provisions that precluded it from releasing Reed's records, Dillard's could have done, at the very least, some rudimentary legal research to ascertain why a medical provider might be unwilling to release the confidential records of one of its patients.[3] Instead, Dillard's filed a motion to compel and for attorney's fees, apparently forcing IDC to hire an attorney. (*See* Doc. No. 38 at 6 (claiming reasonable attorney's fees for the unnecessary defense of the motion to compel).) Such hard-nosed tactics, aimed at the recipient of a third party subpoena no less, are inconsistent with a duty to "avoid imposing undue burden or expense." Accordingly, the Magistrate's award of attorney's fees under this Rule was neither clearly erroneous nor contrary to law.

The Objection of Defendant Dillard's, Inc. to the Magistrate Judge's Order (Doc. No. 42, filed June 30, 2008; Doc. No. 43, filed July 1, 2008) is **OVERRULED**. If it has not already done so, Dillard's, Inc. shall immediately comply with the Magistrate's Order granting an award of attorney's fees.[4]

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 30, 2009.

---

[3] In its Objection, Dillard's contends that it gave IDC "several opportunities" to specify the reason Reed's records could not be produced. (Doc. No. 42 at 5.) However, Dillard's does not aver that it asked IDC's custodian to identify the specific law upon which IDC was relying, nor does Dillard's produce evidence of a correspondence to this effect.

[4] The Magistrate's Order was not a report and recommendation. Thus, the parties were required to adhere to that Order at the time it was issued, regardless of any pending objections. *See* Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 152 n.10 (citing S. Rep. No. 94-625, pp. 9-10 (1976)).

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record